# EXHIBIT 2

Electronically Filed Superior Court of CA County of Contra Costa 7/7/2026 12:33 PM By: C. Padilla, Deputy

FLETCHER B. BROWN (State Bar No. 276390)
FLETCHER B. BROWN LAW FIRM
4400 Keller Ave. #381
Oakland, California 94605
Fletcher@FletcherBrown.law
Telephone: 510-986-0441
Facsimile: 510-978-4717

Attorney for Plaintiff
Gloria Sermeno

Per local Rule, This case is assigned to Judge Reyes, Benjamin T, II, for all purposes.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| GLORIA SERMENO<br>Plaintiff,<br>vs.<br>GOBRANDS, INC. dba GOPUFF and DOES 1-20, inclusive,<br>Defendants.<br><br>SUMMONS ISSUED | Case No.: C26-02311<br><br>COMPLAINT FOR:<br><br>1. SEX/GENDER DISCRIMINATION<br>2. RACIAL/ETHNICITY DISCRIMINATION<br>3. SEXUAL/GENDER HARASSMENT<br>4. RACIAL/ETHNICITY HARASSMENT<br>5. RETALIATION FOR COMPLAINING ABOUT RACIAL/ETHNICITY HARASSMENT<br>6. RETALIATION FOR COMPLAINING ABOUT SEX/GENDER HARASSMENT<br><br>[JURY TRIAL DEMANDED] |



Processed by Court on 7/8/2026 3:56 PM

Gloria Sermeno (hereinafter, “Plaintiff”) was an employee of Gobrands, INC dba Gopuff (hereinafter, “Defendant”) and was wrongfully terminated for pretextual reasons by Defendant. This civil action is brought to remedy the following causes of action: (1) Sex/Gender Discrimination (2) Racial/Ethnicity Discrimination (3) Sexual/Gender Harassment (4) Racial/Ethnicity Harassment (5) Retaliation for Complaining About Racial/Ethnicity Harassment and (6) Retaliation for Complaining About Sex/Gender Harassment.

Plaintiff seeks all forms of damages available at law, including but not limited to declaratory relief, compensatory damages, emotional distress, punitive damages, and attorney’s fees. Plaintiff hereby demands a jury trial, complains, and alleges the following:

**PARTIES**

1. Plaintiff is an adult Latina female that lived and worked in California throughout the events detailed in this complaint.
2. Defendant Gobrands, Inc. dba Gopuff does business in Contra Costa County, California and operates a facility located at 6065 Giant Hwy, San Pablo, California 94806.
3. Defendant has done business in the County of Contra Costa.
4. The true names and capacities of defendants named as DOES 1 through 20 are unknown and are therefore sued by fictitious names. Plaintiff will amend this complaint to show the true names and capacities when they are ascertained.

**GENERAL FACTS**

5. On or about February 10, 2023, Plaintiff Gloria Sermeno was hired by Defendant as a Picker in San Pablo, California.
6. At all times during her employment, Plaintiff’s performance was satisfactory.
7. Plaintiff was initially supervised by manager Fridel Gomez (hereinafter as “Mr. Gomez”). Plaintiff did not experience any issues during this time. The work environment was positive and professional.

8. In or about April 2023, Defendant introduced new management, including Dahio Doe (hereinafter as “Dahio”), the manager of the picking area, and Arthur Doe (hereinafter as “Arthur”), a shift manager.
9. Arthur held a supervisory role over Plaintiff and was responsible for assigning tasks and overseeing her work. After becoming a supervisor, Arthur acted in a rude and aggressive manner when assigning tasks.
10. Plaintiff observed that Arthur generally enforced workplace expectations more strictly against Latino employees than against non-Latino employees.
11. Plaintiff observed that Arthur disciplined and criticized Latino employees for workplace conduct that he did not address when committed by non-Latino employees.
12. For example, Plaintiff observed non-Latino employees socializing, joking, and failing to complete orders without being disciplined by Arthur.
13. Plaintiff observed that Arthur did not require those employees to meet the same order-completion expectations that he imposed on Latino employees.
14. Defendant did not maintain a Human Resources department or any formal system to report absences or tardiness.
15. As a result, Plaintiff provided her personal phone number to Arthur for work-related communication, including reporting absences and notifying management of late arrivals.
16. After obtaining Plaintiff’s phone number, Arthur began contacting Plaintiff outside of working hours.
17. Initially, Arthur treated Plaintiff differently than other Latino employees by seeking her out in the warehouse to greet her and engage her in conversation.
18. After obtaining Plaintiff's phone number for work-related communications, Arthur began expressing a personal and romantic interest in Plaintiff.
19. After Plaintiff rejected Arthur's romantic advances and declined his invitation to meet at his apartment, Arthur's behavior toward Plaintiff changed.

20. Thereafter, Arthur began treating Plaintiff more harshly, assigning her more difficult tasks, and subjecting her to the same stricter treatment that he imposed on other Latino employees.

21. In or around June or July 2023, Plaintiff reported Arthur's harassment to General Manager Leo Doe (hereinafter "Leo").

22. Plaintiff complained to Leo that Arthur was treating her unfairly after Plaintiff rejected his advances.

23. Leo told Plaintiff that her complaint had no basis and instructed her to continue working or leave if she did not like the situation.

24. No action was taken in response to Plaintiff's complaint.

25. On July 12, 2023, Plaintiff had a family-related emergency and was unable to attend work. Plaintiff notified Dahio, but did not receive a response. There was no alternative method available to report her absence.

26. The next day, during the daily shift meeting, Plaintiff was not assigned any work. Plaintiff asked about her assignment and was told that there was nothing for her.

27. On July 13, 2023, Plaintiff was directed to the General Manager's office. Plaintiff met with Leo and attempted to explain that she had experienced a family emergency and had attempted to notify management. Leo did not allow Plaintiff to explain and informed her that her employment had been terminated.

28. After Plaintiff was informed of her termination, her former supervisor, Mr. Gomez, provided Plaintiff with the termination paperwork. He acknowledged Plaintiff's explanation regarding her absence and expressed that he understood her situation. However, Mr. Gomez informed Plaintiff that he could not do anything to prevent the termination.

29. On July 13, 2023, Plaintiff's employment was terminated for pretextual reasons; the true reasons were Sex/ Gender Discrimination, Racial/Ethnicity Discrimination, Sexual/Gender Harassment, Racial/Ethnicity Harassment, Retaliation for Complaining About Racial/Ethnicity Harassment and Retaliation for Complaining About Sex/Gender Harassment.

30. Plaintiff requested and received a Right to Sue Letter from the Department of Fair Housing and Employment on July 7,2026.

**FIRST CAUSE OF ACTION**

**<u>SEX/GENDER DISCRIMINATION</u>**

As a first, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

31. Plaintiff hereby incorporates by reference Paragraphs 5 through 30, and each of them discriminated against Plaintiff because of her sex/gender, in violation of the California Fair Employment and Housing Act.
32. Plaintiff timely filed an administrative complaint for these Defendant's sex/gender discrimination and wrongful termination. The California Department of Fair Employment and Housing issued Plaintiff a right to sue letter within three years before filing of this lawsuit.
33. As a legal result of these Defendant's sex/gender discrimination and wrongful Termination, Plaintiff suffered and continues to suffer substantial losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.
34. Plaintiff suffered emotional distress as a legal result of these Defendant's sex/gender discrimination and wrongful termination, suffering and continuing to suffer mental distress, suffering and continuing to suffer anguish as a legal result of Defendant's conduct, reacting with humiliation, embarrassment, anger, outrage, disappointment, and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount of these damages or will proceed according to proof at trial.
35. Defendants and Does 1 through 20, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of Plaintiff, and with the intention of causing or in reckless disregard to the probability of causing her injury and emotional distress.

36. These Defendants were informed of the oppressive, fraudulent, and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

37. The foregoing conduct of these Defendants, and each of them, was intentional, willful, and malicious and Plaintiff is entitled to punitive damages in an amount to conform to proof.

**SECOND CAUSE OF ACTION**

**<u>RACIAL/ETHNICITY DISCRIMINATION</u>**

As a second, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

38. Plaintiff hereby incorporates by reference Paragraphs 5 through 37, and each of them discriminated against Plaintiff because of her race/ethnicity (Hispanic), in violation of the California Fair Employment and Housing Act.

39. Plaintiff timely filed an administrative complaint for these Defendant's Racial/Ethnicity discrimination and Wrongful Termination. The California Department of Fair Employment and Housing issued Plaintiff a right to sue letter within three years before filing of this lawsuit.

40. As a legal result of these Defendant's Racial/Ethnicity discrimination and Wrongful Termination, Plaintiff suffered and continues to suffer substantial losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

41. Plaintiff suffered emotional distress as a legal result of these Defendant's Racial/Ethnicity discrimination and wrongful termination, suffering and continuing to suffer mental distress, suffering and continuing to suffer anguish as a legal result of Defendant's conduct, reacting with humiliation, embarrassment, anger, outrage, disappointment, and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount of these damages or will proceed

according to proof at trial.

42. Defendants and Does 1 through 20, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of Plaintiff, and with the intention of causing or in reckless disregard to the probability of causing her injury and emotional distress.

43. These Defendants were informed of the oppressive, fraudulent, and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

44. The foregoing conduct of these Defendants, and each of them, was intentional, willful, and malicious and Plaintiff is entitled to punitive damages in an amount to conform to proof.

**THIRD CAUSE OF ACTION**

**SEXUAL/GENDER HARASSMENT**

As a third, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

45. Plaintiff hereby incorporates by reference the factual allegations contained in Paragraphs 5 through 44 of this pleading.

46. Plaintiff was subject to harassment causing a hostile and abusive work environment. Plaintiff further alleges as follows: that plaintiff was an employee of the Defendants; that plaintiff was subjected to unwanted sexual/gender harassing conduct and verbal harassment of a sexual nature; that the harassing conduct was severe or pervasive; that any reasonable person in the plaintiff's circumstances would have considered the work environment to be hostile or abusive; that supervisors and their agents engaged in the conduct and/or that the Defendants knew or should have known of the conduct and failed to take immediate and appropriate correcting action; that plaintiff was harmed; and that the Defendants' conduct was a substantial factor in causing plaintiff's harm.

47. Defendant's acts constitute a violation of California Fair Employment and Housing Act, Government Code Section 12940(a) which provides, among other things, that it shall be

unlawful to harass against an employee in the terms and conditions of her employment on account of sex/gender.

48. Plaintiff is a female individual and her sex/gender is protected by the provisions of said act.

49. Plaintiff believes that Defendant unjustifiably sexually harassed Plaintiff.

50. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

51. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

**FOURTH CAUSE OF ACTION**

**RACIAL/ETHNICITY HARASSMENT**

As a fourth, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

52. Plaintiff hereby incorporates by reference the factual allegations contained in Paragraphs 5 through 51 of this pleading.

53. Plaintiff was subject to harassment causing a hostile and abusive work environment. Plaintiff further alleges as follows: that Plaintiff was an employee of the Defendants; that Plaintiff was subjected to unwanted harassing conduct because of her race/ethnicity; that the harassing conduct was severe or pervasive; that any reasonable person in the Plaintiff's circumstances would have considered the work environment to be hostile or abusive; that supervisors and their agents engaged in the conduct and/or that the Defendants knew or should have known

of the conduct and failed to take immediate and appropriate correcting action; that Plaintiff was harmed; and that the Defendants' conduct was a substantial factor in causing Plaintiff's harm.

54. Defendant's acts constitute a violation of California Fair Employment and Housing Act, Government Code Section 12940(a) which provides, among other things, that it shall be unlawful to harass an employee in the terms and conditions of her employment on account of race/ethnicity.

55. Plaintiff believes that Defendant unjustifiably harassed Plaintiff based upon her race/ethnicity.

56. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

57. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

## FIFTH CAUSE OF ACTION

## RETALIATION FOR COMPLAINING ABOUT RACIAL/ETHNICITY HARASSMENT

As a fifth, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

58. Plaintiff hereby incorporates by reference the factual allegations contained in Paragraphs 5 through 57 of this pleading.

59. Defendant retaliated against Plaintiff because of her complaining about racial/ ethnicity harassment in violation of the California Fair Employment and Housing Act, Government Code Section 12940(h).

60. The aforementioned retaliation included Plaintiff's wrongful termination. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

61. These Defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

62. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

63. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

## SIXTH CAUSE OF ACTION

## RETALIATION FOR COMPLAINING ABOUT SEX/GENDER HARASSMENT

As a sixth, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

64. Plaintiff hereby incorporates by reference the factual allegations contained in Paragraphs 5 through 63 of this pleading.

65. Defendant retaliated against Plaintiff because of her complaining about sex/gender harassment in violation of the California Fair Employment and Housing Act, Government

Code Section 12940(h).

66. The aforementioned retaliation included Plaintiff's wrongful termination. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

67. These Defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

68. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

69. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for judgment against Defendant and each of them, as follows:

A. Plaintiff is entitled to Economic Damages including back pay and future loss of earnings.

B. Plaintiff is entitled to Damages for Emotional Distress for prior emotional distress and emotional distress "reasonably certain to result in the future".

C. Plaintiff is entitled to Punitive Damages to punish Defendant.

D. Plaintiff is entitled to costs to bring the action.

E. Plaintiff is entitled to attorney fees in bringing the action.

F. Plaintiff asks the Court for any other relief which the Court deems proper.

Dated this July 7,2026.

Fletcher Bernard Brown Esq.
Attorney for Gloria Sermeno

Electronically Filed Superior Court of CA County of Contra Costa 7/7/2026 12:33 PM By: C. Padilla, Deputy



ATTORNEY OR PARTY WITHOUT ATTORNEY
STATE BAR NUMBER: 276390
NAME: FLETCHER B. BROWN, ESQ
FIRM NAME: FLETCHER B. BROWN LAW FIRM
STREET ADDRESS: 4400 KELLER AVE. #381
CITY: OAKLAND STATE: CA ZIP CODE: 94605
TELEPHONE NO.: 510-986-0441 FAX NO.:
EMAIL ADDRESS: Fletcher@FletcherBrown.Law
ATTORNEY FOR (*name*): GLORIA SERMENO

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**
STREET ADDRESS: 725 Court St,
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553.
BRANCH NAME: CIVIL

CASE NAME:
GOBRANDS, INC. dba GOPUFF and DOES 1-20, inclusive.

## CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: C26-02311
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)



Processed by Court on 7/8/2026 3:56 PM

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. ☒ monetary
b. ☐ nonmonetary; declaratory or injunctive relief
c. ☒ punitive

4. Number of causes of action *(specify):* SIX (6)

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/7/2026

Fletcher B. Brown
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear button after you have printed the form.**

Print Save Clear